IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No.

JOHN GREEN and ELIZABETH ENRIGHT,
individually and on behalf of others similarly
situated,

Plaintiffs,

v.

DRAKE BEAM MORIN, INC.,

Defendant.

## COMPLAINT

Come Now, Plaintiffs John Green and Elizabeth Enright ("Plaintiffs"), individually and on behalf of all others similarly situated, and for their Complaint against the Defendant, DRAKE BEAM MORIN, INC. ("Defendant") state and allege as follows:

### BACKGROUND

1.  Defendant is an international company that provides career transition services to individuals and companies globally and throughout the United States. Despite specializing in assisting other companies' departing employees, Defendant's practice and policy is to not pay its own employees for all the hours they work in the workweek, to deny them overtime pay, and/or to require them to shift overtime hours from week to week, so that they do not record or get paid for all hours over 40 hours in a workweek. Defendant's deliberate failure to pay these employees for all the time worked in a given workweek and failure to pay overtime compensation violates the Fair Labor Standards Act ("FLSA").

## JURISDICTION AND VENUE

2. The FLSA authorizes court actions by private parties to recover damages for violation of the FLSA's provisions. Jurisdiction over Plaintiffs' and other similarly situated employees' claims are based on 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

3. Venue in this district is proper pursuant to 28 U.S.C. § 1391(b) and (c) because Defendant does business in this district and the unlawful conduct giving rise to the claims occurred in this district.

## PARTIES

4. Defendant is a Delaware corporation with its principal place of business located at 258 Southall Lane, Suite 450, Maitland, Florida.

5. Defendant is duly authorized to do business in the State of Colorado and at all times relevant hereto did conduct business in the State of Colorado.

6. Plaintiff John Green is a Colorado resident who was employed by Defendant as a consultant at Defendant's Colorado office from approximately August 17, 2006 to April 1, 2010. Plaintiff Green's written consent to become a party plaintiff pursuant to 29 U.S.C. § 216(b) is attached hereto as Exhibit A.

7. Plaintiff Elizabeth Enright is an Arizona resident who was employed by Defendant as a consultant at Defendant's Arizona office from approximately 2004 to 2009. Plaintiff Enright's written consent to become a party plaintiff pursuant to 29 U.S.C. § 216(b) is attached hereto as Exhibit B.

8. Plaintiffs' Complaint is brought as a collective action under the FLSA to recover unpaid wages owed to Plaintiffs and all other similarly situated employees employed by Defendant.

## GENERAL ALLEGATIONS

9. Defendant operates over 200 offices in 85 countries throughout the world, including in the United States. From these offices, Defendant contracts with companies that are undergoing layoffs or downsizings to provide services designed to ease the transition of employees into new jobs, careers or companies.

10. Defendant employs consultants to teach and counsel employees of Defendant's corporate clients, who are part of a layoff or downsizing to successfully transition into another job, career or company.

11. Defendant pays consultants on an hourly basis and classifies them as "non-exempt" under the FLSA.

12. Defendant requires consultants to be available to consult with the employees of Defendant's customers anytime an employee needs consultation, whether in person, via email or by telephone.

13. Defendant also requires consultants to conduct seminars at regularly scheduled intervals at the offices of Defendant's corporate clients, or other locations designated by Defendant and/or its corporate clients.

14. Consultants, however, are prohibited by Defendant from recording in the payroll records the actual number of hours they work during the workweek. Instead, and regardless of the actual number of hours they work, consultants are only allowed by Defendant to record in Defendant's payroll records a set number of hours in any given workweek pre-determined by Defendant.

15. Regardless of the number of hours consultants actually work in any given workweek, they are only paid for the number of hours pre-determined by Defendant.

16. Plaintiffs and other similarly situated employees frequently work more than the number of hours pre-determined by Defendant.

17. In instances where consultants work more than 40 hours in a particular workweek, they are required to either forego payment for all the hours they worked in excess of 40 hours or shift the hours in excess of 40 hours into the following week, thus being deprived of overtime pay for hours worked over 40 hours in a workweek.

18. Plaintiffs and other similarly situated employees frequently work more than 40 hours in a workweek.

19. In addition, Plaintiffs and other similarly situated employees perform other tasks, including, but not limited to, study time and travel time, that are not recorded and not compensated for, but that constitute compensable work.

20. Defendant followed the above-described policies with respect to consultants at both its Colorado and Arizona offices. Upon information and belief, Defendant is adhering to the same policies and practices with respect to its other consultants at all of its offices nationwide.

21. The net effect of Defendant's policies and practices is that Defendant willfully fails to pay its consultants for all the time they work and fails to pay its consultants overtime compensation as required by law and Defendant's policies.

## COLLECTIVE ALLEGATIONS

22. Plaintiffs bring this case as an "opt-in" collective action on behalf of themselves and the following persons:

All consultants employed by Defendant who worked in Defendant's offices nationwide at any time during the last three years.

23. The claim may be pursued by those who opt in to this case under 29 U.S.C. § 216(b).

24. Plaintiffs, individually and on behalf of other similarly situated employees, seek relief on a collective basis challenging, among other FLSA violations, Defendant's practice of not paying employees for all hours worked and not paying employees overtime compensation. The number and identity of other plaintiffs yet to opt in and consent to be party plaintiffs may be determined from Defendant's records, and potential opt-in plaintiffs may easily and quickly be notified of the pendency of this action.

## COUNT I

### Violation of the Fair Labor Standards Act of 1938

25. Plaintiffs reassert the allegations set forth above.

26. At all times material hereto, Plaintiffs have been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. §§ 201 et seq.

27. The FLSA regulates, among other things, the payment of overtime pay by employers whose employees are engaged in interstate commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce. 29 U.S.C. § 207(a)(1).

28. Defendant is subject to the pay requirements, including overtime pay, of the FLSA because it is an enterprise engaged in interstate commerce and its employees are engaged in commerce.

29. Defendant violated the FLSA by failing to pay its employees for hours worked and failing to pay overtime. In the course of perpetrating these unlawful

practices, Defendant has also willfully failed to keep accurate records of all hours worked by their employees.

30. Section 13 of the FLSA, codified at 29 U.S.C. § 213, exempts certain categories of employees from overtime pay obligations. None of the FLSA exemptions apply to Plaintiffs or other similarly situated employees.

31. Plaintiffs and all similarly situated employees are victims of a uniform and nationwide compensation policy. This uniform policy, in violation of the FLSA, has been applied to all consultants in Defendant's Colorado and Arizona offices. Upon information and belief, Defendant is applying the same unlawful compensation policy to its consultants in its other offices located nationwide.

32. Plaintiffs and all similarly situated employees are entitled to damages equal to payment for all hours worked and the mandated overtime premium pay within the three years preceding the filing of this Complaint, plus periods of equitable tolling, because Defendant acted willfully and knew, or showed reckless disregard for, whether its conduct was prohibited by the FLSA.

33. Defendant has not acted in good faith or with reasonable grounds to believe that its actions and omissions were not a violation of the FLSA, and as a result thereof, Plaintiffs and other similarly situated employees are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime pay described in Section 16(b) of the FLSA, codified at 29 U.S.C. § 216(b). Alternatively, should the Court find Defendant did not act willfully in failing to pay overtime pay, Plaintiffs and all similarly situated employees are entitled to an award of prejudgment interest at the applicable legal rate.

34. As a result of the aforesaid willful violations of the FLSA's overtime pay provisions, overtime compensation has been unlawfully withheld by Defendant from Plaintiffs and all similarly situated employees. Accordingly, Defendant is liable pursuant to 29 U.S.C. §216(b), together with an additional amount as liquidated damages, pre-judgment and post-judgment interest, reasonable attorneys' fees, and costs of this action.

WHEREFORE, Plaintiffs and all similarly situated employees demand judgment against Defendant and pray this Court:

a. Issue notice to all similarly situated employees of Defendant informing them of their right to file consents to join the FLSA portion of this action;

b. Award Plaintiffs and all similarly situated employees compensatory and liquidated damages under 29 U.S.C. § 216(b);

c. Award Plaintiffs and all similarly situated employees pre-judgment and post-judgment interest as provided by law;

d. Award Plaintiffs and all similarly situated employees attorneys' fees and costs as required by 29 U.S.C. § 216(b) of the FLSA; and

e. Award Plaintiffs and all similarly situated employees such other relief as the Court deems fair and equitable.

## DEMAND FOR JURY TRIAL

Plaintiffs hereby request a trial by jury of all issues triable by jury.

## DESIGNATION OF PLACE OF TRIAL

Plaintiffs designate Denver, Colorado as the place for trial.

Dated this 21st day of April, 2011.

        STUEVE SIEGEL HANSON LLP

        /s/ George A. Hanson
        George A. Hanson (admitted to D. Colo.)
        Richard M. Paul (admitted to D. Colo.)
        Jack D. McInnes (admitted to D. Colo)
        460 Nichols Road, Suite 200
        Kansas City, MO 64112
        Telephone: 816-714-7106
        Telefax: 816-714-7101
        Email: hanson@stuevesiegel.com

        HILLYARD, WAHLBERG, KUDLA & SLOANE, LLP

        /s/ Daniel A. Sloane
        Daniel A. Sloane
        4601 DTC Boulevard, Suite 300
        Denver, CO 80237
        Telephone: 303-571-5302
        Telefax: 303-571-1806
        E-mail: dan@hwkslaw.com

        Attorneys for Plaintiffs