**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 11-cv-01063-REB-CBS

**JOHN GREEN and ELIZABETH ENRIGHT,
individually and on behalf of others similarly situated,**

　　**Plaintiffs,**

**v.**

**DRAKE BEAM MORIN, INC.,**

　　**Defendant.**

---

**ADDENDUM TO SCHEDULING ORDER
(E-DISCOVERY PROTOCOL)**

---

Pursuant to Scheduling Order (doc. #21) and the Court's further direction during the Status Conference on August 3, 2011, plaintiffs John Green and Elizabeth Enright ("Plaintiffs") and defendant Drake Beam Morin, Inc. submit the following e-discovery protocol for Court approval and inclusion in the Scheduling Order:

　　1.　　In this case, Plaintiffs allege that Defendant violated the Fair Labor Standards Act ("FLSA") by failing to pay Plaintiffs and other similarly situated consultants for hours worked and failing to pay overtime. Defendant has denied the material allegations of Plaintiffs' complaint and asserted various other defenses. Plaintiffs have filed a motion for conditional collective action certification (doc. #17), and have requested that notice be sent to all consultants employed by Defendant in the last three years. Defendant has filed a response in opposition to Plaintiffs' motion for

collective action certification (doc. # 24); and Plaintiffs have filed a reply (doc. # 27). The Court has not yet ruled on Plaintiffs' motion.

2. Pursuant to the Court's order, the parties have conferred regarding electronically stored information ("ESI") that may be relevant to this matter, and have agreed on the following protocol for discovery of ESI.

 a. <u>E-discovery prior to the Court's ruling on Plaintiff's motion for collective action certification</u>. The parties do not anticipate that the burden or expense of e-discovery will be significant as e-discovery pertains to the current Plaintiffs and opt-in plaintiffs. The parties have reached certain agreements, set forth below, to conduct e-discovery with respect to the Plaintiffs and the current opt-in plaintiffs, and believe that such discovery will allow them to identify and address any issues that may arise in class-wide discovery.

 b. <u>ESI in the possession, custody or control of Plaintiffs</u>. Plaintiffs, including the current opt-in plaintiffs, may have non-privileged emails, Word or WordPerfect documents, and Excel spreadsheets relevant to this case. Plaintiffs' counsel has advised Plaintiffs, including the current opt-in plaintiffs, of their obligation to preserve all ESI relating to their claims and Defendant's defenses. The parties do not anticipate that production of such ESI for Plaintiffs and the current opt-in plaintiffs will be burdensome or expensive, and agree that production of such ESI will not require any special agreements regarding cost, production format, or privilege.

 c. <u>ESI in the possession, custody or control of Defendant</u>. Defendant maintains payroll records, time records, Orbit database records, and emails in electronic

form. Defendant's counsel has advised Defendant of its obligation to preserve all ESI relating to Plaintiffs' claims and its defenses; and the company has issued a litigation hold to appropriate employees.

Payroll and time records for the Plaintiffs, including the opt-in plaintiffs, are maintained in a central location. Records for the relevant time period may be accessed and produced in paper or .PDF form without significant burden or expense.

The Orbit database is maintained in a central location, and records for the relevant time period, April 21, 2008 through the present, may be accessed and produced without significant burden or expense. Defendant has agreed to provide static images, or screenshots, of database records relating to Plaintiffs, as well as a description of all abbreviations and all headings the subject of which is not readily ascertainable from the plain language of the heading, to allow Plaintiffs to review the nature of information maintained in the database and make further decisions regarding discovery of such information. The Orbit database can be exported to and produced as an Excel spreadsheet.

Defendant uses an older version of LotusNotes for email. Email is maintained on a central server. Defendant backs up user mailboxes every night on a rolling basis for seven weeks. Whatever is in a user's mailbox at the time of back up, which could include older emails, is saved. Once an email is deleted, the company will only have a copy if it was saved on a backup tape and, in that circumstance, only so long as the back up tape is not overwritten. The company does not retain the mailboxes of former employees, except to the extent the mailboxes are saved on a back up tape.

Shortly after the complaint was filed, the company pulled the entire back-up system then in use. Searching the backup tapes will be labor intensive; Defendant presently is exploring alternative approaches. The parties have agreed to conduct limited discovery of email relating to the Plaintiffs, and the current opt-in plaintiffs or one or more of the current opt-in plaintiffs, to allow the parties to refine the search process and determine the burden and expense of production.

If Plaintiffs' motion for collective action certification is granted, the parties will confer regarding class-wide discovery, including the production of ESI. The exact protocol will depend on the number of opt-in plaintiffs and other factors. The parties anticipate that they will be able to use the results of e-discovery with respect to the Plaintiffs to develop an efficient and cost-effective protocol for class-wide discovery.

3. <u>"Clawback"/non-waiver agreement</u>. The parties acknowledge that, despite each party's best efforts to conduct a thorough pre-production review of all ESI and other documents, some communications, information, or documents protected from disclosure by the attorney-client privilege and/or the work-product doctrine ("Protected Material") may be inadvertently disclosed to another party during the course of this litigation. The parties agree that the inadvertent disclosure of any Protected Material shall NOT waive the privilege or protection with respect to such Protected Material or, more broadly, the subject matter of such Protected Material, provided that the producing party took reasonable steps to prevent the disclosure and, upon becoming aware of the disclosure, promptly notifies all other parties. Within 14 days of receiving notice that Protected Material has been inadvertently disclosed, all parties in receipt of such

Protected Material shall return such Protected Material, including all copies, to the producing party, and shall destroy all electronic copies of such Protected Material and provide to the producing party a written confirmation of such destruction. Notwithstanding the foregoing, if a party disputes a producing party's claim of privilege or protection, counsel for the party disputing the claim may retain a single copy of the disputed Protected Material for the sole purpose of seeking a determination from the Court as to disputed claim. Until such time as the Court rules on the disputed claim, the Protected Material at issue shall be held in confidence by counsel for the party disputing the claim, and shall not be used or disclosed for any purpose, except as provided herein. Nothing in this section is intended to supersede the Parties' obligation to return inadvertently disclosed privileged information pursuant to the requirements of Colo. Rule of Professional Conduct 8.4(d).

DATED this 21st day of September, 2011.

By The Court:

s/Craig B. Shaffer
Craig B. Shaffer
United States Magistrate Judge

APPROVED:

/s/ Jack D. McInnes
Jack D . McInnes
Steve Siegel Hanson LLP
460 Nichols Road, Suite 200
Kansas City, Missouri 64112
Telephone: (816) 714-7100
Email: hanson@stuevesiegel.com
paul@stuevesiegal.com

/s/ Daniel A. Sloane
Daniel A. Sloane
Hillyard, Wahlberg, Kudla & Sloane LLP
4601 DTC Boulevard, Suite 300
Denver, Colorado 80237
Telephone: (303) 571-5302
Telefax: (303) 571-1806
Email: dan@hwkslaw.com

Attorneys for Plaintiffs

/s/ Darin Mackender
Darin Mackender
Fisher & Phillips LLP
1999 Broadway, Suite 3300
Denver, Colorado 80202
Telephone: (303) 218-3650
Telefax: (303) 218-3651
Email: dmackender@laborlawyers.com

Attorneys for Defendant