**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Case No.11-cv-01063-REB-CBS

JOHN GREEN, and
ELIZABETH ENRIGHT, individually and on behalf of others similarly situated,

    Plaintiffs,

v.

DRAKE BEAM MORIN, INC.,

    Defendant.

**ORDER GRANTING PLAINTIFFS' MOTION FOR
CONDITIONAL COLLECTIVE ACTION CERTIFICATION**

**Blackburn, J.**

The matter before is **Plaintiffs' Motion for Conditional Collective Action Certification and Memorandum in Support** [#17][1] filed June 27, 2011. I grant the motion and conditionally certify a collective action for purposes of notice and discovery.

### I. JURISDICTION

I have jurisdiction over this case under 28 U.S.C. § 1331 (federal question) and 29 U.S.C. § 216(b) (Fair Labor Standards Act).

### II. STANDARD OF REVIEW

This case involves alleged violations of the overtime provisions of the Fair Labor Standards Act ("FLSA" or "the Act"). Plaintiffs seek to pursue a collective action under the Act on behalf of consultants employed by defendant. Section 216(b) of the Act

---

[1] "[#17]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this Order.

provides the exclusive means of bringing such class-wide claims to redress alleged violations of the FLSA.  *See* 29 U.S.C.A. § 216(b); **Brown v. Money Tree Mortgage, Inc.**, 222 F.R.D. 676, 678-79 (D. Kan. 2004).  In contrast to the procedures governing a typical class action under Rule 23, plaintiffs who wish to participate in such a collective action must opt in to the action.  *See* 29 U.S.C. § 216(b) ("No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought."); **In re American Family Mutual Insurance Co. Overtime Pay Litigation**, 638 F.Supp.2d 1290, 1298 (D. Colo. 2009).[2]

---

[2] Chief Judge Daniel explained the rationale underlying this unique procedure in a recent decision,

> Congress specifically abandoned a representative, opt-out scheme and created the current opt-in procedures for FLSA actions in response to "excessive litigation spawned by plaintiffs lacking a personal interest in the outcome," in order to limit "private FLSA plaintiffs to employees who asserted claims in their own right," and to free "employers from the burden of representative actions."  **Hoffmann-La Roche Inc. [v. Sperling]**, 493 U.S. 165, 173, 110 S.Ct. 482, [488,] 107 L.Ed.2d 480 (1989).  "The opt-in language of § 216(b) was a direct result of this clear congressional dissatisfaction with the original class action provisions of the FLSA" and was designed to "limit the burden on the defendant and the participation of the court."  **Dolan [v. Project Constructions Corp.]**, 725 F.2d [1263] 1267 [(10th Cir. 1984)].  Unlike a Rule 23 class action, once a FLSA collective action is initially certified upon a determination that a group of employees are "similarly situated," the opt-in plaintiffs may be subject to some individualized discovery, following which they will be required to demonstrate that they are "similarly situated" under a stricter standard.  **Thiessen**, 267 F.3d at 1102-3.
>
> As the Third Circuit noted "mandating an opt-in class or an opt-out class is a crucial policy decision."  **De Asencio v. Tyson Foods, Inc.**, 342 F.3d 301, 311 (3rd Cir. 2003).  "The FLSA's opt-in provision directly contrasts with Rule 23's opt-out scheme and demonstrates Congress's intent to ensure that parties with wage and hour claims under the FLSA take affirmative steps to become members of a class seeking redress of those claims in federal court."  **McClain v. Leona's Pizzeria, Inc.**, 222 F.R.D. 574, 577 (N.D. Ill. 2004).

*In re American Family Mutual Insurance Co. Overtime Pay Litigation*, 638 F.Supp.2d at 1298.

2

A collective action under the FLSA may be maintained only by and among employees who are "similarly situated." The Tenth Circuit has adopted a two-step analysis governing this determination. At the initial "notice stage," the trial court must determine whether plaintiffs have made "substantial allegations that the putative class members were together the victims of a single decision, policy, or plan." ***Thiessen v. General Electric Capital Corp.***, 267 F.3d 1095, 1102 (10th Cir. 2001), ***cert. denied***, 122 S.Ct. 2614 (2002) (citation and internal quotation marks omitted). The court makes this determination relying on the allegations of the complaint and any affidavits filed by plaintiffs. ***Brown***, 222 F.R.D. at 680. Certification at this step is conditional, and the standard of proof "is a lenient one that typically results in class certification," allowing notice to be sent to the putative class members and discovery to be undertaken. ***Id.*** at 679.

After discovery is complete, the second, or "decertification," stage occurs. At that point, the court applies a much stricter standard to determine whether class members are similarly situated and, consequently, whether the action should continue as a collective action. In making that determination, the court must evaluate, *inter alia*, "the disparate factual and employment settings of the individual plaintiffs; the various defenses available to defendant which appear to be individual to each plaintiff; fairness and procedural considerations; and whether plaintiffs made any required filings before instituting suit." ***Brown***, 222 F.R.D. at 679 (citing ***Thiessen***, 267 F.3d at 1103).

### III.  ANALYSIS

Plaintiffs seek conditional certification under the first prong of the above-described test.  This litigation is still in its relative infancy, and, therefore, it is not the appropriate juncture for the court to weigh evidence or make factual determinations as to the possible ultimate merits of plaintiffs' claims.  *Id.* at 680.  Plaintiffs' burden now is merely to present "substantial *allegations*" that all members of the putative class were subject to a single decision, policy or plan.  **See Thiessen**, 267 F.3d at 1102 (emphasis added).  Given that lenient standard, and the fact that little discovery has yet occurred in this case, I find that it would be both legally erroneous and simply unfair to accept the invitation implicit in defendant's response and evidentiary submissions to investigate further the potential efficacy of the allegations at this stage.

Looking solely to the allegations of the complaint and plaintiffs' affidavits, I find and conclude that plaintiffs have satisfied their burden to conditionally certify a class. Plaintiffs allege that defendant predetermined the hours they were allowed to work and for which they were to be paid.  Further, plaintiffs maintain that these predetermined allotments often proved inadequate for them to meet their clients' needs but that defendant prohibited them from reporting hours beyond those allotted under threat of reprimand or termination.  In addition, plaintiffs claim they were not compensated for time devoted to other work-related tasks, such as study and preparation time, answering phone calls, reading and responding to email, and travel time.  As a result, plaintiffs claim they worked a substantial amount of regular and overtime hours for which they have not been paid.

Based on these allegations of the complaint, as supported by the sworn declarations submitted in support of the instant motion,[3] I find and conclude that plaintiffs have presented substantial allegations that the putative class members were, as a group, the victims of a single decision, policy, or plan resulting in potential violations of the FLSA. I further agree with plaintiffs that there is no reason at this early juncture to limit the class definition to the West District. Moreover, plaintiffs allege that this violation was willful, which makes the action subject to a three-year statute of limitations. *See* 29 U.S.C. § 255(a).

Accordingly, this case properly is conditionally certified as a collective action. However, in reviewing plaintiffs' proposed form of notice, I note that they have defined the class of eligible employees to include "consultant[s] employed by [defendant] between April 21, 2008 and the present[.]" (Plf. Motion App., Exh. 6 at 1.) The allegations of the complaint and the declarations attached to plaintiffs' motion do not support such a sweeping class definition. Instead, they implicate only hourly, non-exempt employees. Defendant avers that it also employs exempt, salaried consultants who are not similarly situated to plaintiffs and would not be subject to the FLSA overtime requirements in any event. Plaintiffs have agreed to accept this more limited class definition. In addition, although defendant has international offices, plaintiffs apparently have agreed to limit their class to consultants working in the United States. (*See* Def. Resp. at 2 n.1 [#24], filed July 21, 2011.) *See also* 29 U.S.C. § 213(f).

---

[3] Defendant attempts to undermine these submissions by pointing out that they are nearly identical to one another. However, given that plaintiffs are alleging, as they must, a company-wide policy, it hardly strikes this court as surprisingly that their allegations are similar.

5

Thus, I find that the proposed form of notice attached as Exhibit 6 to plaintiffs' motion must be amended at page 1 in the first full paragraph so that it reads:

> **If you are or were an hourly, non-exempt consultant employed by Drake Beam Morin, Inc. ("DBM") in the United States between April 21, 2008, and the present, please read this notice. A collective action lawsuit may affect your rights**.

Any other reference to "consultants" in the proposed form of notice must be amended similarly to reflect this more limited class definition. Plaintiffs also have agreed to incorporate the first and second revisions to the form of notice proposed by defendant at page 14 of its response, and I approve and adopt these revisions, which shall be incorporated in the form of notice mailed to the class.[4]

In all other respects, I approve the proposed form of notice and consent to join forms. Finally, I concur with plaintiffs that any and all consent to join forms should be returned to plaintiffs' counsel no later than 90 days from the date of this Order.

### IV. ORDERS

**THEREFORE, IT IS ORDERED** as follows:

1. That the **Plaintiffs' Motion for Conditional Collective Action Certification and Memorandum in Support** [#17], filed June 27, 2011, is **GRANTED**;

---

[4] These revisions are as follows:

- Page 1, "Do Nothing" box – . . . [Defendant] proposes that the language be modified to state, "By doing nothing, you give up the possibility of getting money or benefits from a trial or settlement in this lawsuit. You keep any right to sue [defendant] separately about the same legal claims in this lawsuit, but the statute of limitations continues to run on any claims you may have."

- Page 2, Paragraph 5 – . . . [Defendant] proposes that the language be modified to state, "DBM denies Plaintiffs' allegations and maintains that it properly paid all consultants for all hours worked, including all overtime."

2. That under 29 U.S.C. § 216(b), this case is **CONDITIONALLY CERTIFIED** as a collective action concerning the plaintiffs' claims under the Fair Labor Standards Act on behalf of all current and former hourly, non-exempt consultants who were employed by defendant in the United States for any length of time during the period April 21, 2008, until the present;

3. That the proposed form of notice, attached as Exhibit 6 to plaintiffs' motion, as well as the consent to join form, attached as Exhibit 7 to plaintiffs' motion, are **APPROVED**, with the amendments described in this Order;

4. That defendant is **ORDERED** to provide to plaintiffs on or before **Monday, January 9, 2012**, the names, addresses, phone numbers, and e-mail addresses of the employees defined in paragraph 2, above; and

5. That the date reflected in paragraph 12 at page 3-4, of the form of notice **SHALL PROVIDE** that any and all consent to join forms must be received by counsel for plaintiffs by no later than **Monday, March 5, 2012**.

Dated December 6, 2011, at Denver, Colorado.

**BY THE COURT:**

Bob Blackburn
Robert E. Blackburn
United States District Judge