**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Case No.11-cv-01063-REB-CBS

JOHN GREEN, and
ELIZABETH ENRIGHT, individually and on behalf of others similarly situated,

    Plaintiffs,

v.

DRAKE BEAM MORIN, INC.,

    Defendant.

**ORDER RE: PLAINTIFFS' UNOPPOSED MOTION
TO APPROVE COLLECTIVE ACTION SETTLEMENT**

**Blackburn, J.**

The matter before me is **Plaintiffs' Unopposed Motion To Approve Collective Action Settlement and Memorandum in Support** [#104],[1] filed September 28, 2012. I deny the motion without prejudice.

The parties inform the court that they have reached a settlement of the Fair Labor Standards Act claims brought in this lawsuit. They ask the court to approve the settlement. However, although the court previously conditionally certified a collective action in this matter and directed that notice be provided to all putative plaintiffs (*see* **Order Granting Plaintiffs' Motion for Conditional Collective Action Certification** [#44], filed December 6, 2011), there has been no motion to "decertify" the class, *see Thiessen v. General Electric Capital Corp.*, 267 F.3d 1095, 1102 (10th Cir.

---

[1] "[#104]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's electronic case filing and management system (CM/ECF). I use this convention throughout this order.

2001), *cert. denied*, 122 S.Ct. 2614 (2002); ***Brown v. Money Tree Mortgage, Inc.***, 222 F.R.D. 7676, 679-80 (D. Kan. 2004),[2] nor any provision made for notification of opt-in plaintiffs of the terms of the settlement and procedures for filing any objections thereto.

Because the court cannot assess the fairness of, and thus cannot approve, the proposed settlement unless and until these prerequisites have been met, the motion is premature and must be denied without prejudice on that basis.

**THEREFORE, IT IS ORDERED** that **Plaintiffs' Unopposed Motion To Approve Collective Action Settlement and Memorandum in Support** [#104], filed September 28, 2012, is **DENIED WITHOUT PREJUDICE** as premature.

Dated November 8, 2012, at Denver, Colorado.

**BY THE COURT:**

Robert E. Blackburn
United States District Judge

---

[2] The conditional certification of a collective action is assessed under a more lenient standard than that used to analyze a motion to decertify. ***See Thiessen***, 267 F.3d at 1102-03; ***Brown***, 222 F.R.D. at 679.