**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Case No.11-cv-01063-REB-CBS

JOHN GREEN, and
ELIZABETH ENRIGHT, individually and on behalf of others similarly situated,

    Plaintiffs,

v.

DRAKE BEAM MORIN, INC.,

    Defendant.

**ORDER GRANTING PARTIES' JOINT MOTION FOR PRELIMINARY
APPROVAL OF SETTLEMENT AGREEMENT AND REQUEST FOR HEARING**

**Blackburn, J.**

The matter before me is **Plaintiffs' Renewed Unopposed Motion To Approve Collective Action Settlement and Memorandum in Support** [#113],[1] filed January 8, 2013. Having considered the Confidential Settlement Agreement and Release of Claims (*see* [#103], Exh. A) ("Settlement Agreement") reached among the proposed Settlement Class representative plaintiffs, individually and on behalf of the proposed Settlement Class, and the defendant, and being otherwise fully advised in the premises, I grant the motion and enter appropriate findings, conclusions, and orders to implement my ruling.

---

[1] "[#113]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's electronic case filing and management system (CM/ECF). I use this convention throughout this order.

**THEREFORE, IT IS ORDERED** as follows:

1. That **Plaintiffs' Renewed Unopposed Motion To Approve Collective Action Settlement and Memorandum in Support** [#113],filed January 8, 2013, is **GRANTED**.

2. That the Settlement Agreement is incorporated by reference as if fully set forth herein, and the definitions used in the Settlement Agreement are adopted for use herein.

3. That my ruling is based on federal common and statutory law, including 29 U.S.C. § 216(b) and the Federal Rules of Civil Procedure, as well as federal and other authority, including the Federal Judicial Center's **MANUAL FOR COMPLEX LITIGATION** (4th ed. 2004) and **ANNOTATED MANUAL FOR COMPLEX LITIGATION - FOURTH** (2005).

4. That the proposed Settlement Class, as conditionally certified by the court and restated below, is appropriate for purposes of settling this case.  All federal statutory prerequisites, as well as the dictates of due process, are satisfied by certification of this case.  Specifically, the requirement of 29 U.S.C. § 216(b), requiring that the class be "similarly situated," is satisfied.

5. That the Settlement Class is numerous, and joinder therefore is impractical.  Common issues exist and predominate, including, for example and most fundamentally, whether defendant unlawfully failed to compensate plaintiffs for regular and overtime work as required by law.  The Settlement Class representatives are adequate, having vigorously prosecuted the underlying related action and having

retained adequate counsel.  In addition, the claims of the Settlement Class representatives are typical, in that they arise out of the same facts and circumstances and give rise to the same legal claims as do the claims of all Class Members.  The matter, as postured for a settlement class, is manageable.  In short, certification of this Settlement Class will serve the interests of equity and judicial economy.

6. That the Settlement Class is similarly situated, and the parties have so stipulated for purposes of their settlement.

7. That I have jurisdiction over the claims at issue in this action.

8. That I have been advised by counsel for the aforesaid parties that a Settlement Agreement has been reached.

9. That the form of Class Notice, attached to the motion as Exhibit 2, is constitutionally adequate, and is hereby approved with the corrections noted here.  The proposed form of Notice contains all essential elements necessary to satisfy federal statutory requirements and due process, including:  the nature of the action; the definition of the Class; the class claims, issues, or defenses; the identities of the parties and their counsel; the fact that a Class Member may appear through counsel; a summary of the terms of the proposed Settlement and of Class Counsel's intention to apply for fees; information regarding the manner in which objections may be submitted and requests for exclusion may be filed; and the binding effect of a class judgment on Class Members.  The Notice also informs Class Members of the date and location of a final fairness hearing and of Claims filing deadlines and procedures.  Notice by mail to the Class will be effectuated by Class Counsel acting as Notice and Claims Administrator.  Individual Settlement Payments will also be administered by Class

Counsel as Notice and Claims Administrator.

10. That I approve the Notice Plan as described in the motion as the best means practicable of providing notice under the circumstances. I hereby direct that Notice be provided in accordance with the Settlement Agreement. The Notice will list the objection and exclusion deadline as **March 11, 2013**. To be timely, objections and exclusion requests must be post-marked and mailed by the above-listed deadline. The final fairness hearing is scheduled for **Friday, April 19, 2013**, at **1:30 a.m.**

11. That any Class Member who files and serves a written objection to the Settlement Agreement may appear at the final fairness hearing, either in person or through counsel hired at the Class Member's expense. If a Class Member (or his or her attorney) wishes to appear and speak at the final hearing, the Class Member (or his or her attorney) must, no later than **March 11, 2013**: (a) file an original Notice of Intention to Appear with the Clerk of the Court, and (b) deliver to Class counsel and defendant's counsel a copy of the Notice of Intention to Appear.

12. That the notice plan is approved and its implementation is hereby ordered.

13. That I have reviewed the Settlement proposed by the parties and find that it is without obvious deficiencies and that it is sufficiently fair, adequate, and reasonable to warrant providing Notice to the Class of its terms. The proposed Settlement Agreement between plaintiffs and defendant is hereby preliminarily approved as sufficiently fair and reasonable to warrant providing notice to the Class of its terms.

14. That the Settlement appears to have been the product of arm's-length negotiation and to have been made in good faith.

15. That I appoint the following Class Counsel to represent the Class Members in this litigation: Jack McInnes, Esq., of Stueve Siegal Hanson, LLP, and Dan Sloane, Esq., of Hillyard, Wahlberg, Kudla, Sloane & Woodruff, LLP. In appointing Class Counsel, the court considered the work counsel has done in investigating and prosecuting the underlying claims, as well as their experience in handling complex litigation, counsel's knowledge of the applicable law, and their ability to commit the resources necessary to adequately represent the Class.

16. That John Green and Elizabeth Enright are hereby appointed as the Class Representatives.

17. That the Notice and Claims Administrator shall be Class Counsel.

18. That the Settlement Agreement is not and shall not be deemed or construed to be an admission or evidence of any violation of any statute or law or of any liability or wrongdoing, or of the truth of any of the claims or allegations contained in the Complaint, or any other pleadings, and the evidence thereof shall not be used directly or indirectly, in any way, whether in the action or in any other action or proceeding. Defendant's stipulation to certification of the Settlement Class shall not have any bearing on or be admissible as evidence regarding the appropriateness of class certification or any other issue of fact or law for litigation purposes.

19. That the final fairness hearing date and all other dates provided for herein may, from time to time and without further notice to the Class, be continued or adjourned by order of the court.

20. That if the Settlement Agreement does not become effective in accordance with the Settlement Agreement, or if the Settlement Agreement is not finally

approved or is canceled, terminated, or fails to become effective for any reason, this Order shall be rendered null and void and shall be vacated.

Dated February 13, 2013, at Denver, Colorado.

**BY THE COURT:**

/s/ Bob Blackburn
Robert E. Blackburn
United States District Judge